NO. 07-08-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009
______________________________

KIMI LYNN POSEY, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,793-E; HON. ABE LOPEZ, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Kimi Lynn Posey was convicted of possessing a controlled substance
(methamphetamine) in a drug free zone. Her one issue involves the admission into
evidence at trial of State’s exhibit 1, a search warrant with accompanying affidavit. The
exhibit purportedly was irrelevant and subject to exclusion under Texas Rule of Evidence
403. We affirm the judgment. 
 
          Background
          Based on information from a confidential informant, Officer Brett Harbert sought
issuance of a no-knock search warrant for a residence at 709 South Forest in Amarillo
which residence was allegedly controlled by appellant’s husband, Andy Posey. The
purpose of the warrant was to seize methamphetamine as well as paraphernalia used in
the offenses of possession and delivery of methamphetamine. Upon execution of the
warrant, police discovered Andy in the kitchen with methamphetamine, digital scales,
baggies, and a police scanner. 
          Appellant was located in a bedroom of the house. A pair of her shorts was found
on the floor of that room. They contained, among other things, her driver’s license, several
of her credit cards and a small bag of methamphetamine for which she was prosecuted. 
          Issue
          During Harbert’s testimony, the State sought to introduce the search warrant and
affidavit supporting its issuance. The latter referred to 27 prior arrests of Andy and,
according to appellant, was inadmissible due to its irrelevance and its undue prejudice. 
We overrule the issue. 
          When the State tendered the warrant at trial, appellant objected for the reasons
stated in her “Motion to Suppress” and because an inventory was attached to it. Yet, none
of those grounds for objection encompassed the two upon which appellant now relies. 
And, after the trial court sustained the complaint regarding the inventory, it admitted the
exhibit into evidence. After the document was admitted and a witness began to read it
aloud, other objections followed. One was based upon the contention that the exhibit was
already admitted into evidence and it spoke for itself. The final complaint voiced by
appellant encompassed whether the reading aloud of Andy Posey’s criminal history was
relevant or unduly prejudicial; the trial judge overruled it “since [he already] admitted the
exhibit.” 
          To preserve an issue for appellate review, a complaint must be made to the trial
court by a timely request, objection or motion. Tex. R. App. P. 33.1(a)(1). Here, the search
warrant and affidavit had already been admitted for all purposes before appellant sought
their exclusion on the basis of relevancy and undue prejudice. Before that occurred, the
appellant herself attempted to preclude an officer from reading aloud its content by alleging
that the documents were already in evidence and they spoke for themselves. Thus, the
grounds for objection now urged upon us were untimely mentioned. So too did they fail
to comport with those uttered before the trial judge decided to admit the exhibit. See 
Medina v. State, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999) (stating that when the objection
at trial does not comport with that made on appeal, nothing is preserved for appellate
review). 
          Accordingly, appellant’s issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Do not publish.         
 
             
            



using
bodily injury to a child, and as reformed, is affirmed; that portion of the judgment assessing
punishment for intentionally or knowingly causing bodily injury is reversed and the case
is remanded to the trial court for a new punishment hearing. 


 Don H. Reavis

 Justice

Do not publish.